Labatjve, J.
The plaintiffs, having obtained a judgment against the defendant, J. Bogan, which was partly satisfied, and'leaving a balance dne on the 7th of April, 1866, of $3,944'66, proceeded to garnishee^/ Levi and John Gribble, by'citing then/ and putting to each of ihem'tíié following interrogatories:
Interrogatory 1. What property, rights' of credits have yofi in yóúr possession or under your-control, now or at-any tiine between thé sérvic’e of these interrogatories and the time you- answer them,'bélongifig/jio James Bogan, of the parish-of East Baton Eoiige?1' If yea',1 what?'’
Int. 2. Are you indebted - to James Bogari? If yea, how- fnucli‘ át'tfib' time specified in 1st interrogatory?
John Gribble answered as follows:
“The undersigned, in answer to the interrogatories propounded ’to' hitó ’ ip this case, declares that hehasmot in'his possession-or finder hís’fibfií" trol, nor had he at the tim'e t-fiis suitwa's ifistitfited’/afiy property,' fights'1 or credits belonging to said James Bogafi, noris he in any way ifidebtedi to .said defendant.”
(Signed)
1:1 J. B. GEirnsnE.”.
Abraham Levi answered as follows:
“To-thelst interrogatory-,No;.andtha't'-he,'-háB nótin his possession nor nder his control, nor has-he had betweefi -thé'Service of these interrogkoríes and the present time, any rights,-credits or property whatever elonging to said James Bogan.
To the 2d Int., No; that he was not at the time of the service of theseÍ *444 interrogatories, and has not been at any time since indebted to said Janies Bogan; on the contrary, said James Bogan is largely indebted to this garnishee.”
(Signed) . “A. Levi.”
Supplemental interrogatories were filed by plaintiffs, and answered by Abraham Levi.
The'supplemental answers, not being satisfactory to the plaintiffs, they took a rule on said Abraham Levi, to show cause why the interrogatories, having been evasively and not categorically answered, should not be taken for confessed and judgment rendered against him; and on the further ground, that none of said answers are correct, and that plaintiffs expect to disprove them on the trial, etc.
''On‘the trial of the case below, plaintiffs offered the testimony taken under commissions, of Hasket, Burgess and Hubbs.
, .The- defendants objected to so much of said depositions as tended to explain the act of sale from Bogan to Levi, or to state what was said by the parties before, since or at the time said act was passed; and to so much as 'tended to contradict the answers of said Levi, in regard to said, act of sale, on the ground that the recorder could not be heard to contradict his official acts or add to the same, etc.
.The Court sustained the objections, and rejected the depositions; the plaintiffs excepted.
We are of opinion that the Court erred. The Art. 2256, C. C., contemplates the parties to the act and their representatives, and not third persons. 14 L. 108. 7 R. 53. 2 A. 94, 480. 4 A. 500. This rule is too wiell settled to be. now controverted. Defendants’ counsel have quoted marly decisions of this Court; rejecting parol evidence under said article; but they do not apply to this case, having been rendered in suits between the parties1 to the act or their representatives. The plaintiff herein was not a party to the act in question.
• 'The'rejected depositions, being annexed to the bill of exceptions, are in the "record, and can he considered by this Court as ’ evidence. 11 A. 404. ., i 12 A. 12,. 50. 13 A. 443. 14 A. 61.
- The original answers of the garnishees are clear and positive, and negative’all, indebtedness to, and possession of property of, the judgment debtor. -. The" supp'emental answers are in substance of the same import, and we have carefully examined the testimony, including the rejected depositions offered to contradict them, and wfe are of opinion that they hake not been substantially destroyed.
■ The. judgment,, which was rendered in favor of the garnishees, is affirmed, the plaintiffs and appellants to pay costs.